**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ELMER K. BLACKSTONE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-1221-18-0079-W-1 |
| v. | |
| DEPARTMENT OF ENERGY,<br>　　　　　　Agency. | DATE: April 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Kim</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Adam DeDent</u>, Esquire, <u>Reesha Trznadel</u>, Esquire and <u>Sean Johnson</u>, Esquire, Golden, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the second *Carr* factor to find a slight retaliatory motive in connection with the appellant's suspension and to supplement the administrative judge's analysis regarding the third *Carr* factor, we AFFIRM the initial decision.

## BACKGROUND

The appellant is employed as a GS-15 Program Manager at the agency's Southwestern Power Administration (SWPA), Office of Corporate Compliance. Initial Appeal File (IAF), Tab 13 at 43. On July 19, 2017, his supervisor proposed to suspend him for 14 days based on charges of inappropriate remarks and inappropriate conduct toward a supervisor. *Id*. at 22-24. In support of the inappropriate remarks charge, the proposal notice alleged that, while at the airport on business travel on June 4, 2017, the appellant stated to a female coworker that he had access to her home address because he was in human resources and that he could find her phone number by going "in any men's room around here and it will be written on the wall." *Id*. at 22. The proposal notice explained that the appellant made this statement in the presence of another coworker and an airport employee and that he was wearing an SWPA logo shirt at the time. *Id*. In support of the inappropriate conduct toward a supervisor charge, the proposal notice set forth the following two specifications: (1) on June 6, 2017, when the appellant met with his supervisor to discuss his June 4, 2017 comments, he stated,

among other things, "I am either going to make your life hard, or make your life easy"; and (2) during a phone call on July 12, 2017, the appellant talked over his supervisor and stated, among other things, "you're about to get schooled in employee relations and labor relations" and "you better hope you have your house in order because if you don't, it's not gonna be good for you."[2]  *Id.* at 22-23.

On July 21, 2017, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that his supervisor proposed to suspend him in retaliation for informing him that the SWPA Administrator's request to have an attorney advisor reassigned after she conveyed her intent to file an Office Inspector General (OIG) report would constitute reprisal for whistleblowing.  IAF, Tab 6 at 17-27.  The appellant also alleged that the proposed suspension was taken in retaliation for informing an OIG investigator about the SWPA Administrator's attempted reprisal against the attorney advisor.  *Id.* at 21.  In September 2017, OSC notified the appellant that it was closing its investigation into his complaint without action.  IAF, Tab 1 at 92-98.

The appellant timely filed the instant IRA appeal.  IAF, Tab 1.  Although he initially requested a hearing, he subsequently withdrew that request.  IAF, Tabs 33, 35.  In an initial decision based on the written record, the administrative judge found jurisdiction over the appeal but denied the appellant's request for corrective action, finding that the agency established by clear and convincing evidence that it would have proposed his 14-day suspension even in the absence of his protected whistleblowing disclosure.  IAF, Tab 42, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

When, as here, an appellant establishes jurisdiction over his IRA appeal, he must then establish a prima facie case of whistleblower retaliation by proving by

---

[2] On October 13, 2017, the deciding official sustained the charges but mitigated the proposed suspension period to 5 days.  IAF, Tab 13 at 19-20.

preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him.[3]  5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  If the appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity.[4]  5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.  In determining whether an agency has met this burden, the Board will consider the following factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence.  *Lu*, 122 M.S.P.R. 335, ¶ 7. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole.  *Id.*

In the initial decision, the administrative judge found that the appellant made a protected disclosure that he reasonably believed evidenced a violation of the Whistleblower Protection Enhancement Act (WPEA) when, on June 1 and 2, 2017, he informed his supervisor that the SWPA Administrator's plan to reassign the attorney advisor after she stated that she intended to file an OIG report could constitute whistleblower reprisal.  ID at 11-13.  She also found that the appellant established that his disclosure was a contributing factor in the proposed

---

[3] Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely true than untrue.  5 C.F.R. § 1201.4(q).

[4] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. 5 C.F.R. § 1209.4(e).

suspension by showing that his supervisor knew of the disclosure and that he proposed to suspend him within a short period of time after he made the disclosure. ID at 16. Thus, she concluded that the appellant established a prima facie case of whistleblower reprisal with respect to his disclosure of a potential WPEA violation to his supervisor.[5] ID at 10-16. We agree with these findings, which the parties have not challenged on review.

Having concluded that the appellant established a prima facie case of whistleblower reprisal, the administrative judge proceeded to consider whether the agency demonstrated by clear and convincing evidence that it would have taken the same personnel action against the appellant in the absence of his protected disclosure. ID at 17-25. Regarding the first *Carr* factor, the administrative judge found that the agency's evidence in support of the proposed 14-day suspension was strong because, even crediting the appellant's version of the events at issue, his behavior was inappropriate. ID at 19-23, 25. She further found it significant that the appellant did not dispute, as alleged in the proposal notice, that his supervisor had counseled him on several occasions in the past about the manner in which he treated and spoke to employees. ID at 22. The appellant has not challenged these findings on review, PFR File, Tab 1, and we discern no basis to disturb them. Thus, we agree that the agency's evidence in support of the proposed suspension was strong.

Regarding the second *Carr* factor, the administrative judge found that the record was devoid of any evidence suggesting retaliatory motive on the part of the appellant's supervisor in proposing the 14-day suspension.[6] ID at 23-24. To

---

[5] The administrative judge found that the appellant's May 2017 email to his supervisor regarding the "Separation of [the Equal Employment Opportunity] Complaint Program from the Agency's Defensive Function" did not constitute a protected disclosure and that, although he engaged in protected activity when he made the OIG report, he failed to establish contributing factor with respect to that activity. ID at 10-13, 16. The appellant does not challenge these findings on review, PFR File, Tab 1, and we discern no basis to disturb them.

[6] The administrative judge found that there was no evidence that the SWPA Administrator had any involvement in the appellant's proposed suspension. ID at 24

the contrary, she found that the record established that he agreed that reassigning the attorney advisor would constitute whistleblower reprisal and that he had made the same disclosure to the SWPA Administrator. *Id.* In so finding, she relied on a text message from the appellant's supervisor to the appellant regarding his conversation with the SWPA Administrator, stating, in part, "Hopefully he will choose wisely." ID at 23 (quoting IAF, Tab 1 at 67). In addition, she considered a memorandum drafted by the appellant's supervisor reflecting that he advised the SWPA Administrator on June 2, 2017, that he should not reassign the attorney advisor because reassignment could qualify as an adverse action and retaliation for her disclosure. ID at 23-24 (citing IAF, Tab 26 at 36). Thus, she concluded that the appellant's supervisor proposed to suspend him for 14 days because of his misconduct and not because of any retaliatory motive. ID at 23-24.

On review, the appellant argues that the administrative judge erred in relying on the text message to find that his supervisor did not have a retaliatory motive because the text message does not establish that his supervisor informed the SWPA Administrator that he opposed the reassignment. PFR File, Tab 1 at 10. We agree with the administrative judge that the text message supports a finding that the appellant's supervisor agreed with the appellant's disclosure and did not have a hostile reaction to it. The appellant also argues that the administrative judge erred in relying on his supervisor's memorandum because he drafted it 10 days after the meeting in question and only after he met with human resources. *Id.* at 10-11. We likewise find no merit to this argument. First, we note that the appellant does not argue, or provide any evidence to suggest, that his supervisor mispresented what was said at the meeting with the SWPA Administrator, and we find no basis to conclude that he did. *See Fry v. Office of Personnel Management*, 110 M.S.P.R. 649, ¶ 17 (2009) (observing that public officials are presumed to do their jobs properly and in good faith). Second, we

---

n.9. The parties have not challenged this finding on review, PFR File, Tabs 1, 3, and we discern no basis to disturb it.

find that the unrebutted, routinely made memorandum is probative notwithstanding the fact that the appellant's supervisor drafted it 10 days after the meeting in question and after meeting with human resources. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (setting forth the relevant factors for assessing the probative value of hearsay evidence).

The appellant also appears to argue on review that the administrative judge should have found retaliatory motive because his disclosure was highly critical of the agency's conduct. PFR File, Tab 1 at 10. We agree and modify the administrative judge's analysis on the second *Carr* factor accordingly. The Board has found that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures . . . as the criticism reflects on them in their capacities as managers and employees." *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65 (quoting *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012)); *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 28-29 (same). Here, the appellant's disclosure concerned potential whistleblower reprisal by the SWPA Administrator. Thus, while the appellant's criticism of the SWPA Administrator's planned action may not have directly implicated the appellant's supervisor, it nonetheless cast the SWPA Administrator, and thus the agency, in a critical light. *See Whitmore*, 680 F.3d at 1370-71 (finding motive to retaliate because the appellant's criticisms "cast [the agency], and, by implication all of the responsible [agency] officials, in a highly critical light by calling into question the propriety and honesty of their official conduct").. In light of the foregoing, we modify the initial decision to find that the record reflects a slight retaliatory motive in connection with the appellant's proposed 14-day suspension.

In her consideration of the third *Carr* factor, the administrative judge found that the appellant's proffered comparator—a supervisory GS-15 Program Manager with the same supervisor as the appellant who received only a reprimand for failing to take action upon learning that a subordinate had discriminated

against another employee—was not similarly situated. ID at 24-25; IAF, Tab 26 at 12, 111, Tab 38 at 21-22. In so finding, the administrative judge explained that, unlike the appellant, the other supervisor had not been counseled regarding similar misconduct in the past, the events in question occurred several years prior to the discipline, and he had been successful in all other aspects. *Id.* On review, the appellant argues that the administrative judge took an overly restrictive view of the third *Carr* factor and erred in finding that the other supervisor was not similarly situated. PFR File, Tab 1 at 9-10. We agree.

Our reviewing court has held that, under *Carr*, the requirement that comparator employees be "similarly situated" does not require "virtual identity" and that "[d]ifferences in kinds and degrees of conduct between otherwise similarly situated persons within an agency can and should be accounted for." *Whitmore*, 680 F.3d at 1373. Accordingly, we find that the appellant and the other GS-15 Program Manager at the SWPA, who share a supervisor and supervisory status, are similarly situated. *See id.* (finding two supervisors within the same branch of the same department to be "similarly situated from an employment position and responsibility perspective"). As discussed in the initial decision, however, there are differentiating factors here that explain the difference in treatment, including the nature of the misconduct and the fact that, unlike the appellant, the other supervisor was not counseled regarding similar misconduct in the past. ID at 24-25. Thus, we find that this comparator evidence does not weigh against the agency. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 34 (2013) (finding that the comparator employee's deficiencies were not sufficiently similar to the reasons for the appellant's termination to provide persuasive evidence regarding *Carr* factor three).

As the administrative judge correctly found, there is no other evidence in the record regarding the treatment of similarly situated comparators. ID at 25. If either or both of the first two *Carr* factors do not support a finding that the agency would have taken the same personnel action absent the disclosure or

protected activity, the agency's failure to present evidence of the third *Carr* factor may prevent it from carrying its overall burden. *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 26-30; *see also Miller v. Department of Justice*, 842 F.3d 1252, 1259-63 (Fed. Cir. 2016). Here, we are left with the firm belief that the agency would have taken the same action in the absence of the appellant's protected disclosure based on the strength of the evidence in support of its action and the absence of a sufficient motive to retaliate against him. Accordingly, the appellant's request for corrective action remains denied.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of <u>all</u> available review options. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.